**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Randolph Chambers</u>

   v.                                               Civil No. 08-cv-417-SM

<u>Warden, New Hampshire
State Prison, et al.</u>

**O R D E R**

Pro se plaintiff Randolph Chambers brings this action pursuant to 42 U.S.C. § 1983, alleging that employees of the New Hampshire State Prison violated his rights under the First, Eighth and Fourteenth Amendments to the United States Constitution (document nos. 1, 3, 6 and 14).  The complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915A; U.S. District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).

In a separate proceeding, this court previously revoked Chambers' in forma pauperis status pursuant to the "three strikes" provision of Section 1915(g) (providing that "[i]n no event shall a prisoner in a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while

incarcerated or detained in any facility, brought an action or an appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."). See Chambers v. Eppolito, Civil No. 06-cv-449-PB, 2007 WL 1892093 (D.N.H. June 29, 2007) (revoking Chambers' in forma pauperis status and dismissing the case without prejudice for his failure to pay the filing fee or request an extension of time in which to pay the fee).

Accordingly, in this action, Chambers' in forma pauperis status is hereby revoked. He is ordered to pay the $350 filing fee within thirty days of the date of this order. If he fails to comply with this order, I will recommend to the presiding judge that this action be dismissed without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: April 8, 2009

cc: Randolph Chambers, pro se